UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DARO WEILBURG,

                     Plaintiff,

                -v-                    5:24-CV-1189

CARLA FITZGERALD *et al.*,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                OF COUNSEL:

DARO WEILBURG
Plaintiff, Pro Se
5701 East Circle Drive, Suite 138
Cicero, NY 13039

DAVID N. HURD
United States District Judge

## <u>ORDER ON REPORT & RECOMMENDATION</u>

On September 27, 2024, *pro se* plaintiff Daro Weilburg ("plaintiff") filed this civil rights action alleging that defendants violated his First Amendment rights by, *inter alia*, conspiring to falsely declare him as someone who suffers from a mental disease.  Dkt. No. 1.  Along with his complaint, plaintiff also moved for leave to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

On October 8, 2024, U.S. Magistrate Judge Mitchell J. Katz granted the IFP Application, conducted an initial review of the complaint, and advised by

Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with leave to amend as to certain claims but not others.  Dkt. No. 5.

First, Judge Katz concluded that plaintiff's claims under 18 U.S.C. §§ 242 and 505 must be dismissed <u>with prejudice</u> because those two federal criminal statutes did not create the private right of action necessary to allow a private plaintiff to enforce them.  *Id*.

Second, Judge Katz concluded that plaintiff's 42 U.S.C. § 1983 claims must be dismissed <u>with prejudice</u> because the statute did not apply to a private actor (such as defendant Mr. Rigby) and the other named defendants were judicially immune (defendants Ms. Fitzgerald and Dr. Annas).  *Id*.

Third, Judge Katz concluded that plaintiff's 42 U.S.C. § 1985 claims against defendants Ms. Fitzgerald and Dr. Annas must be dismissed <u>with prejudice</u> because, as judicial actors, these defendants were still absolutely immune under that statute, too.  *Id*.

Fourth, Judge Katz recommended dismissing plaintiff's § 1985 claim against Mr. Rigby <u>without prejudice</u>: although § 1985 can sometimes reach a private actor like Mr. Rigby, plaintiff had failed to plausibly allege facts that might give rise to liability under the circumstances.[1]  Dkt. No. 5.

---

[1] The R&R's "opportunity to amend" section and decretal paragraph erroneously refer to defendants Fitzgerald and <u>Rigby</u> as being immune.  But as Judge Katz correctly explained in the body of the R&R, it is defendants Fitzgerald and <u>Annas</u>, not Rigby, who enjoy judicial immunity.

Fifth, Judge Katz recommended dismissing plaintiff's state-law claims
<u>without prejudice</u>: although it seemed unlikely plaintiff had stated a claim for
slander against Dr. Annas (or any other state-law claims), Judge Katz
reasoned that the best course of action would be to decline to exercise
supplemental jurisdiction over any state-law claims because all of plaintiff's
federal-law claims were already being dismissed.

Plaintiff has lodged objections.  Dkt. No. 6.  In brief, plaintiff argues that
defendants Fitzgerald and Annas should not be immune and that other non-
parties may have been involved in misconduct.  *Id.*  Upon *de novo* review, the
R&R is accepted and will be adopted.  FED. R. CIV. P. 72(b).

Therefore, it is

ORDERED that

1.  The Report & Recommendation (Dkt. No. 5) is ACCEPTED;

2.  Plaintiff's 18 U.S.C. §§ 242 and 505 claims are DISMISSED with
prejudice;

3.  Plaintiff's 42 U.S.C. § 1983 claims are DISMISSED with prejudice;

4.  Plaintiff's 42 U.S.C. § 1985 claims against defendants Fitzgerald and
Annas are DISMISSED with prejudice;

5.  Plaintiff's 42 U.S.C. § 1985 claim or claims against defendant Rigby are
DISMISSED without prejudice;

6.  The Court DECLINES to exercise supplemental jurisdiction over plaintiff's state-law claims;

7.  Plaintiff's state-law claims are DISMISSED without prejudice;

8.  Plaintiff's complaint (Dkt. No. 1) is DISMISSED;

9.  Plaintiff shall have THIRTY DAYS in which to submit an amended complaint;

10.  If plaintiff chooses to file an amended complaint, the matter shall be returned to Judge Katz for further review and action as appropriate;

11.  Any amended pleading must conform to the Federal Rules of Civil Procedure and to any instructions set forth in Judge Katz's R&R and this Order; further, any amended pleading must be a complete pleading, which will supersede the original, and must include all the facts and causes of action that plaintiff intends to bring in this action because no facts or claims from the original pleading may be incorporated by reference; and

12.  If plaintiff chooses <u>not</u> to file an amended complaint, at the end of this thirty-day period the Clerk of the Court is directed to enter a judgment accordingly and close the file.

The Clerk of the Court is directed to terminate the pending motion and set a deadline accordingly.

IT IS SO ORDERED.

Dated:  October 25, 2024
        Utica, New York.

David N. Hurd
U.S. District Judge